## Columbus v. Hayes
*[Cite as 4 AOA 419]*

*Case No. 89AP-1442*
*Franklin County, (10th)*
*Decided June 21, 1990*

*Mr. Ronald J. O'Brien, City Attorney, Mr. James J. Fais and Mr. Thomas K. Lindsey, for Appellee.*

*Beatty & Roseboro and Mr. Otto Beatty, Jr., for Appellant.*

YOUNG, J.

This matter is before this court upon the appeal of Larry Hayes, appellant, from a judgment of the Franklin County Municipal Court reimposing a suspended sentence and revoking appellant's probation. The underlying facts are as follows:

"In March 1987, appellant was found guilty of operating a motor vehicle without a license and was sentenced to one hundred eighty days in jail of which one hundred seventy-four days were suspended; he was also fined $400 and costs, and placed on probation for three years. One of the provisions of appellant's probation was that he not commit any moving violations within the three year probationary period."

In May 1988, the appellant was cited and eventually found guilty for failing to stop at a stop sign. There is no indication in the record that a presenting investigation or report was completed; however, the trial court revoked appellant's probation and reinstated the remainder one hundred seventy-four days of the one hundred eighty day jail term. Thereafter, appellant appealed that decision to this court and in *City of Columbus v. Hayes* (Aug. 29, 1989), Franklin App. No. 89AP-229, unreported (1989 Opinions 3096), this court held that appellant's punishment was disproportionate to the crime committed. In reversing and remanding the matter, this court gave the trial court an opportunity to provide a reason for its facially disproportionate sentence. The matter was sent back to the trial court and despite this court's mandate, the trial court did not provide a reason for its disproportionate sentence and reimposed the same sentence while revoking appellant's probation.

This prompted appellant to once again appeal to this court whereby appellant asserts the following three assignments of error:

"A. THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF SIX MONTHS IN THE CASE AT BAR.

"B. THE TRIAL COURT ERRED IN IMPOSING A FINE IN ADDITION TO IMPRISONMENT FOR A MISDEMEANOR.

"C. THE TRIAL COURT ERRED IN REVOKING THE PROBATION OF THE DEFENDANT-APPELLANT AND REIMPOSING THE BALANCE OF HIS ORIGINAL SENTENCE ON THE DEFENDANT-APPELLANT. THIS REIMPOSITION OF THE SENTENCE WAS AGAINST THE WEIGHT OF STATE AUTHORITY ON THIS QUESTION AND IN OPPOSITION TO INSTRUCTIONS HANDED DOWN BY THE APPELLATE COURT TO THE TRIAL COURT."

Since appellant's third assignment of error necessarily resolves the issues in this case, it will be discussed first. When a case is remanded to a trial court from an appellate court, the mandate of the appellate court must be followed. As the Supreme Court held in the syllabus of *Nolan v. Nolan* (1984), 11 Ohio St. 3d 1:

"Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of the superior court in a prior appeal in the same case. * * *"

In this court's previous decision in the matter herein, this court found the trial court's decision to be unreasonable on the basis that there were no factual findings of the trial court to support its decision, no evidence of any aggravating circumstances, and the trial court made no finding that cause for revocation of probation existed.

This court remanded the matter for further proceedings to give the trial court an opportunity to make the basis of its decision a matter of record. However, the trial court failed to follow the mandate of this court as indicated by the following excerpt of the proceedings which took place upon remand:

"THE COURT: Oh, sure.

"Mr. Bowen and Mr. Hayes, I have no idea why I imposed the initial sentence. I look at it without the benefit of a statement of facts that would have been given to me at the time, and I think it's harsh. Just looking at that sentence, it is unusual for me to impose a sentence such as that. It would also have been unusual for me to place Mr. Hayes on probation with the conditions that I did.

"But there must have been something in the facts that were related to me at that time that caused me to feel that Mr. Hayes was a habitual violator of our traffic laws.

"MR. BOWEN: Could not have been, Your Honor. The record just doesn't reflect it, even in the Bureau of Motor Vehicles.

"THE COURT: Mr. Bowen, If you remember, I didn't interrupt you all the while you were talking.

"MR. BOWEN: I apologize for the interruption. I just wanted to --

"THE COURT: I can't tell you what it was, but there was something to cause me to feel that I should do something to try to get Mr. Hayes to be a more careful driver for the safety of other people that had to use the highways. I cannot tell you what it was at this time, because even back in 1987, our probation department was overburdened and had too many people to supervise. And even then I would only refer someone --

"Well, I sent him to jail initially. And it is very, very unusual for me to do that unless I have some very aggravated facts presented to me. But we're past that.

"But at the time I did feel, when I did put him on probation, that he, unless he changed his driving habits, was a danger to the other people that had to use the highways. And that's the only reason I put the conditions on it that I did, that is, he not be convicted or pay a ticket or forfeit a bail on any moving traffic offense. Now, I don't think that's -- that condition is too difficult to live with.

"There are thousands of people here in Franklin County who drive automobiles and don't violate the traffic laws.

"Also, looking at his present record, it enforces my original opinion of him that he is a habitual violator of the traffic laws, because I know you only get caught a very, very small percentage of the time that you violate the traffic laws. And when you get as many stops as he has, whether a judge comes back and vacates a finding of guilty or a plea of guilty later or not, it can only be because you are out there violating the laws most of the time you're on the road.

"I've made that same statement to many people, and I have had it confirmed by many of those same people I have put that condition on, the fact that they have been violating the law most of the time they were driving.

"What I have to say at this time is directed primarily to the Court of Appeals. The judge of the Court of Appeals indicated that the mayor in Bexley could not have felt that his speeding offense was aggravated because he only fined him $85.

"Now, seeing that the maximum penalty for the offense of speeding is $100, I would think that if the mayor fined $85, it was because he did find aggravating circumstances. I know personally I would not impose a fine of $85 unless I felt that the offense was aggravated.

"The Court of Appeals indicated that, in this opinion, the offense that the probation revocation was based upon were minor; stop sign and a speed. I will agree that they are classified as a minor misdemeanor. But, at the same time, they are minor offenses that can have serious consequences." (Tr. 10-13.)

In lieu of the fact that the trial court has failed to follow the mandate of this court as set forth in the previous appellate decision, this court must necessarily reverse the trial court's decision and remand the matter for further proceedings. However, based on the following statements made by the trial judge, this court would direct that this case be remanded to the administrative judge and reassigned to another municipal court judge who could more objectively reimpose a sentence upon the appellant. The trial judge stated:

"THE COURT: One other thing. I want to make a record. If the Court of Appeals feels I am still wrong, they have the power to impose whatever sentence they feel I should have. It is my suggestion to them that they go ahead and do it, because if they sent it back to me ten times, I am going to feel just as strongly the tenth time as I do right now.

"I am also going to request our prosecutor to, if the Court of Appeals decides to reverse my decision, appeal it, and let's get a decision out of the Supreme Court, if possible. Unfortunately, a trial judge doesn't have much control over a case once it is appealed to a higher court. We can't argue it in the higher court. And if we don't like the decision of the Court of Appeals, we cannot appeal it to the Supreme Court. It has to be done by the prosecutor. I can only ask that Mr. Evans call it to Mr. Fais's attention that I request, if I am reversed again, that it be appealed to the Ohio Supreme Court.

"MR. EVANS: If that should come about, Your Honor, we will do that.

"THE COURT: Okay." (Tr. 22.)

Since the trial judge has made it perfectly clear that he does not intend to follow the mandate of this court, it is apparent that any further proceedings in which he participates will prejudice the appellant. Since the appellant is entitled to be sentenced according to the previous mandate of this court by an unprejudiced, unbiased trial court judge, it is obvious from the foregoing statements that any of Judge Pearson's further actions in this matter will be predisposed. Thus, in the interest of justice and fairness to the appellant, this court directs that this matter be remanded to the administrative judge and reassigned to another municipal court judge so that a more appropriate sentence can be imposed.

Appellant's third assignment of error is well-taken and is sustained.

In light of this court's disposition of appellant's third assignment of error, appellant's first and second assignments of error are not well-taken and are overruled as they relate to this appeal, since they were proper as originally imposed. However, in relationship to this second appeal, the revocation of appellant's probation and the reimposition of the one hundred seventy-four days of suspended jail time was improper under the facts and circumstances of this case.

Accordingly, appellant's third assignment of error is sustained; the first and second assignments of error are not well-taken and are overruled. The judgment of the Franklin County Municipal Court is reversed, the cause is remanded to the trial court with instructions to vacate its judgment entry and be reassigned by the administrative judge to another judge who can objectively reimpose a more appropriate sentence.

*Judgment reversed and*
*cause remanded.*

McCORMAC and BURKHART, JJ., concur.

BURKHART, J., of the Muskingum County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.