IN RE DISQUALIFICATION OF HURLEY.

QUINT *v.* LOMAKOSKI.

[Cite as *In re Disqualification of Hurley,*
113 Ohio St.3d 1228, 2006-Ohio-7229.]

(No. 06–AP–076—Decided August 23, 2006.)

MOYER, C.J.

{¶ 1} Plaintiff Deborah S. Pellegrini, f.k.a. Quint, has filed an affidavit with the Clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Steven L. Hurley from acting on any further proceedings in case No. 02FS1 in the Court of Common Pleas of Greene County, Domestic Relations Division.

{¶ 2} Pellegrini alleges that Judge Hurley has criticized her for marrying and moving to North Carolina, and she notes that the judge has questioned an appellate court ruling in her favor on a child-custody issue. She contends that the judge has imposed unreasonable and costly obligations on her concerning the support of the parties' minor child, and she questions whether she can receive a fair hearing from the judge.

{¶ 3} Judge Hurley has responded in writing to the affidavit. He states that he has treated both parties impartially, and he contends that his decisions in the case have been grounded on the evidence presented.

{¶ 4} I find no basis for ordering the disqualification of Judge Hurley. Affiant Pellegrini disagrees with some of the judge's rulings and believes that they have been unreasonable, but there is no compelling evidence before me that those rulings are the result of judicial bias or prejudice. Although some judicial decisions can be challenged on appeal, a party's disagreement or dissatisfaction with a court's rulings of law, without more, does not demonstrate bias or prejudice. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 606, 522 N.E.2d 459. An affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Judge Hurley was entitled to issue rulings that he felt were correct on the issues presented to him, and nothing about his decisions points clearly toward bias or prejudice on his part.

{¶ 5} To be sure, Judge Hurley has used the word "questionable" to describe a decision from the court of appeals in this case, and he has said expressly to the

parties that he does not agree with the decision. Remarks like those can regrettably cause one party or another to believe that a judge who says them will not follow a higher court's rulings on remand, and judges should therefore think carefully before sharing their views so openly with the parties in ongoing litigation.

{¶ 6} Even so, the judge has stated in his response to the affidavit that he has followed the directives of the court of appeals on remand and intends to do so again on the remaining issues in the case. In light of his response, I cannot conclude on the record before me that he is unable or unwilling to set aside his disagreement with the appellate court's actions. As I have said, a judge may remain on a case that has been remanded from the court of appeals. See *In re Disqualification of Kimmel* (1987), 36 Ohio St.3d 602, 522 N.E.2d 456 ("a judge may preside over the retrial of a case even if that judge's rulings of law were reversed on appeal"). The facts described in the affidavit do not compel a different outcome in this case.

{¶ 7} I have explained that "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Hurley.