IN RE DISQUALIFICATION OF FLOYD.

IN RE D.C.J.

[Cite as *In re Disqualification of Floyd,* 135 Ohio St.3d 1249, 2012-Ohio-6336.]

*Judges—Disqualification—R.C. 2701.03—Affidavits of disqualification rejected— Judge whose rulings were reversed on appeal can preside over retrial— Erroneous rulings not evidence of prejudice or bias—Election challenge to judge by party's attorney insufficient to warrant removal.*

(No. 12-AP-119—Decided December 14, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas, Juvenile Division, Case No. CU03109953.

_____

**O'CONNOR, C.J.**

**{¶ 1}** The maternal grandparents of the minor child D.C.J., who is the subject of the underlying custody case, and their attorney, John H. Lawson, have filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Alison L. Floyd from presiding over any further proceedings in case No. CU03109953, now pending for a new trial in the Juvenile Division of the Court of Common Pleas of Cuyahoga County.

**{¶ 2}** This is the second affidavit of disqualification that Lawson has filed against Judge Floyd in the underlying custody case. In June 2012, Lawson filed an affidavit requesting Judge Floyd's removal because they were opponents in a "hotly contested" primary election for Judge Floyd's juvenile court judge seat. Lawson's affidavit was denied by entry of August 10, 2012. *See In re Disqualification of Floyd*, No. 12-AP-069 (Aug. 10, 2012).

**{¶ 3}** Since that entry, the Court of Appeals for the Eighth Appellate District reversed Judge Floyd's decision designating the father of D.C.J. as the legal custodian of the child and remanded the matter for a new trial. *See In re D.C.J.*, 8th Dist. Nos. 97681 and 97776, 2012-Ohio-4154, 976 N.E.2d 931. The appeals court held that Judge Floyd committed numerous errors that deprived the grandparents of their right to a fair trial. *Id.* at ¶ 53. In addition, the court admonished Judge Floyd for failing to promptly handle the custody proceeding, which was pending for more than three years. *Id.* at ¶ 61.

**{¶ 4}** In their present affidavit, the grandparents claim that Judge Floyd is partial to the father, as evidenced by the appeals court opinion. Lawson similarly claims that the appeals court's "stunning rebuke" of Judge Floyd's custody decision, combined with his election history against Judge Floyd, raises doubts about her ability to conduct a new trial with impartiality. Lawson has also filed a sworn rebuttal, in which he claims that Judge Floyd's recent assignment of a new evaluator is suspect and "gives the appearance of expert shopping."

**{¶ 5}** Judge Floyd has responded in writing to the concerns raised in the affidavits. Judge Floyd asserts that she does not harbor any hostile feelings towards the grandparents or Lawson and that she has "attempted to conduct these proceedings with an open state of mind, guided only by the law and the facts." Joseph J. Triscaro, counsel for the father, has also responded to the affidavits, asserting that the proceedings already conducted before Judge Floyd have been "extensive, lengthy and complex" and that removing the judge at this late stage would be prejudicial to his client.

**{¶ 6}** For the following reasons, no basis has been established to order the disqualification of Judge Floyd.

### The Grandparents' Affidavit

**{¶ 7}** The grandparents claim that the appellate court's reversal of Judge Floyd's custody decision and its admonishment of Judge Floyd for the undue

delay demonstrate that she is biased and prejudiced against them and partial to the father. They also question Judge Floyd's ability to remain impartial for the retrial. *Id.* The grandparents' averments, however, do not mandate Judge Floyd's removal.

{¶ 8} First, it has long been established that a trial judge's opinions of law, even if erroneous, are not by themselves evidence of bias or prejudice and therefore are not grounds for disqualification. *In re Disqualification of Kimmel*, 36 Ohio St.3d 602, 522 N.E.2d 456 (1987); *In re Disqualification of Light*, 36 Ohio St.3d 604, 522 N.E.2d 458 (1988) ("alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification"). The record here shows that the appeals court determined that Judge Floyd abused her discretion with respect to four evidentiary rulings. While affiants allege that the appeals court opinion exposes Judge Floyd's bias, nothing in the record demonstrates that Judge Floyd's errors were the product of bias or prejudice against the grandparents. Indeed, the appeals court blamed Judge Floyd's errors, in part, on her misconception of the rules of evidence—not on favoritism towards the father. *See In re D.C.J.*, 2012-Ohio-4154, 976 N.E.2d 931, ¶ 20.

{¶ 9} Second, there is no indication from the appeals court opinion that Judge Floyd's failure to promptly handle the underlying proceeding is the result of bias or prejudice against the grandparents. Thus, the judge's delay is not a reason to remove her. *See, e.g.*, *In re Disqualification of Hall*, 94 Ohio St.3d 1230, 763 N.E.2d 599 (2001) ("While a delay in ruling on objections to the magistrate's decision may have adverse consequences to the defendant, affiant has failed to present any evidence that the delay is the product of bias or prejudice on the part of [the judge] toward her or her client"). Further, as Triscaro asserts, the delay was equally prejudicial to the father, as the grandparents were granted temporary custody of the child during the pendency of the lengthy trial court proceedings.

{¶ 10} Finally, it is also well established that "a judge may preside over the retrial of a case even if that judge's rulings of law were reversed on appeal." *Kimmel*, 36 Ohio St.3d at 602, 522 N.E.2d 456; *see also In re Disqualification of Hurley*, 113 Ohio St.3d 1228, 2006-Ohio-7229, 863 N.E.2d 630, ¶ 6 ("a judge may remain on a case that has been remanded from the court of appeals"). Here, the grandparents question Judge Floyd's ability to remain impartial, but there is no evidence that Judge Floyd is predisposed against the grandparents because they obtained a successful reversal of the custody decision. Similarly, the mere fact that Judge Floyd's decision was reversed in a critical opinion by the appeals court does not imply that she will be biased against the grandparents or somehow retaliate against them. *See generally* Flamm, *Judicial Disqualification,* Section 12.8 (2d Ed.2007). Judges are often called on to reconsider prior rulings, and Judge Floyd has pledged to hear the new trial fairly and impartially and to follow the mandate of the court of appeals. Accordingly, while there may be circumstances in which a new judge should preside over a retrial after remand from an appellate court, affiants have not proven that any such disqualifying circumstances exist here. *Compare Columbus v. Hayes*, 68 Ohio App.3d 184, 189, 587 N.E.2d 939 (10th Dist.1990) (remanding for further proceedings before a different municipal court judge where original sentencing judge, after being reversed, made it clear that he did not intend to follow the mandate of the appeals court by declaring that he would impose the same sentence as before, even if he were reversed ten times).

**Lawson's Affidavit**

{¶ 11} According to Lawson's affidavit, two new events have occurred since the denial of his previous affidavit: (1) issuance of the appeals court opinion, which he claims is a "stunning rebuke" of Judge Floyd's custody decision, and (2) Judge Floyd's assignment of a new evaluator, which, according

to Lawson, looks like "expert shopping." Neither of these allegations, however, is sufficient to justify Judge Floyd's removal.

**{¶ 12}** In making his first argument, Lawson cites the entry denying his previous affidavit of disqualification against Judge Floyd, which held that "absent extraordinary circumstances, a judge will not be disqualified after having presided over lengthy proceedings in a pending case." *In re Disqualification of Floyd*, No. 12-AP-069 (Aug. 10, 2012), citing *In re Disqualification of Light*, 36 Ohio St.3d 604, 522 N.E.2d 458 (1988). Lawson argues that extraordinary circumstances exist here because of the critical appeals court opinion and Judge Floyd's "likelihood of resentment" towards him due to his near-successful election challenge.

**{¶ 13}** Contrary to Lawson's contention, there are no extraordinary circumstances here requiring judicial disqualification. As an initial matter, precedent is clear: a judge ordinarily will not be disqualified based on the fact that a lawyer in a pending case was the judge's election opponent (*In re Disqualification of Maschari*, 88 Ohio St.3d 1212, 1213, 723 N.E.2d 1101 (1999)); and the fact that a judge's rulings were reversed on appeal does not lead to automatic disqualification of that judge for a retrial (*Kimmel*, 36 Ohio St.3d at 602, 522 N.E.2d 456). Here, Lawson suggests that the two allegations combined create an appearance of impropriety. He might have had a case if, for example, he had established that Judge Floyd issued blatantly incorrect legal rulings against Lawson's clients during their contentious election race. However, the underlying trial was held in April and May 2011, and Judge Floyd issued her custody decision on December 6, 2011. Lawson obtained petitions to run against Judge Floyd *after* issuance of the custody decision and long after the evidentiary rulings were made during the 2011 trial. Thus, there is no evidence that the incorrect evidentiary rulings were the result of Lawson's candidacy, and there is no apparent connection between the two.

{¶ 14} Instead, Lawson seeks to disqualify Judge Floyd based wholly on his speculation that Judge Floyd *may* have resentment towards him based on the election and the appeals court opinion. In response to Lawson's affidavit, Judge Floyd vows to conduct future proceedings "fairly and impartially in accordance with the judgment and mandate rendered by the Court of Appeals." Based on this record, no reasonable and objective observer would doubt Judge Floyd's ability to remain impartial, and Lawson's speculation is insufficient to establish that any extraordinary circumstances exist requiring Judge Floyd's disqualification. *See In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice").

{¶ 15} In addition, Lawson has failed to substantiate his claims that the assignment of a new evaluator was the result of "expert shopping." Lawson claims that after the appeals court decision, Judge Floyd met with the director of the court's diagnostic clinic and expressed dissatisfaction with the two previous custody evaluations. A new evaluator was later assigned to conduct an updated custody evaluation. According to Lawson, the assignment of a new evaluator is highly unusual and suspect. In response, Judge Floyd admits that she met with the director of the court's diagnostic clinic to discuss the need for an updated evaluation. However, Judge Floyd denies expressing any dissatisfaction with the previous evaluations, and she explains that the director of the clinic selected a new evaluator because the previous evaluator had limited availability and the director believed that a "fresh perspective" would be beneficial. Judge Floyd reiterates that the decision to select a new evaluator was made by the director "without any input or influence from Judge Floyd."

{¶ 16} Given Judge Floyd's response, Lawson's vague and speculative argument, which is also based on hearsay, is insufficient to demonstrate bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460

6

(1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice"). Lawson's affidavit, therefore, is not well taken.

## Conclusion

{¶ 17} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 18} For the reasons stated above, the affidavits of disqualification are denied. The case may proceed before Judge Floyd.

———————————