[Cite as *Buckmaster v. Buckmaster*, 2014-Ohio-793.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

JASON BUCKMASTER,                     :
                                      :
    First Petitioner-Appellant,       :      Case No. 13CA13
                                      :
    vs.                               :
                                      :      <u>DECISION AND JUDGMENT</u>
MARIA BUCKMASTER,                     :      <u>ENTRY</u>
                                      :
    Second Petitioner-Appellee.       :      **Released: 02/24/14**
_____
<u>APPEARANCES:</u>

John W. Judkins, Greenfield, Ohio, for Appellant.

Jon C. Hapner, Hillsboro, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Appellant, Jason Buckmaster, appeals the decision of the trial court denying his motion to terminate spousal support, which he filed based upon his claim that Maria Buckmaster, Appellee, was cohabitating with a male, over the age of eighteen. On appeal, Appellant raises six assignments of error as follows: 1) Appellant was denied due process of law due to the court's failure to publish notice of its policy regarding children's testimony in its local rules; 2) the trial court's enforcement of an unpublished local rule undermines the public's confidence in our courts and is against public policy; 3) the court's adoption of a per se rule proscribing children from

testifying in matters involving their parents violates his right to due process of law; 4) Appellant's proffer regarding the child's testimony was unnecessary but sufficient to inform the court of the substance of the testimony; 5) the exclusion of the child's testimony was not harmless error; and 6) the finding that Appellee did not cohabitate with another male over the age of 18 was against the manifest weight of the evidence.

{¶2} As discussed more fully below, we find merit to Appellant's first through fifth assignments of error and as such, they are sustained.  In light of our disposition of these assignments of error, we do not reach the merits of Appellant's sixth assignment of error which poses a manifest weight of the evidence argument.  Accordingly, the decision of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

FACTS

{¶3} The parties filed a joint petition for dissolution of marriage on September 9, 2010, and a final dissolution decree and decree of shared parenting was issued on October 29, 2010.  Apparently due to an alleged incident that occurred between Appellee's boyfriend, Albert Eastman, and the parties' three children, Appellant filed a motion to terminate the shared parenting plan and an ex parte motion for custody on July 31, 2012.  The

trial court issued an ex parte order the same day designating Appellant as the temporary residential custodian of the minor children.  Appellant followed with the filing of a motion to modify child support, and then a motion to terminate spousal support on August 7, 2012, which motion is at issue herein.

{¶4}  The trial court issued an entry September 24, 2012, terminating the shared parenting plan and child support order, and naming Appellant as the permanent residential custodian of the parties three minor children.  A hearing on the issue of spousal support was subsequently held on October 23, 2012.  Both parties testified at the hearing, however, when Appellant sought to have their sixteen year old son testify, the trial court refused to allow the child to testify, citing an allegedly well known and long established court "policy" that does not permit children to testify in domestic relations matters.  In light of ruling, Appellant made a proffer to the court regarding what the child's testimony would have been.

{¶5}  On November 8, 2012, a magistrate's decision was issued finding there was no cohabitation and overruling Appellant's motion to terminate spousal support.  Appellant followed with a request for findings of facts and conclusions of law on November 15, 2012, and then filed objections to the magistrate's decision on January 31, 2013.  Finally, on May

8, 2013, the trial court issued a decision and final judgment entry overruling

Appellant's objections. It is from this final entry that Appellant now brings

his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.     APPELLANT WAS DENIED DUE PROCESS OF LAW DUE TO
        THE COURT'S FAILURE TO PUBLISH NOTICE OF ITS POLICY
        REGARDING CHILDREN'S TESTIMONY IN ITS LOCAL
        RULES.

II.     THE TRIAL COURT'S ENFORCEMENT OF AN UNPUBLISHED
        LOCAL RULE UNDERMINES THE PUBLIC'S CONFIDENCE IN
        OUR COURTS AND IS AGAINST PUBLIC POLICY.

III.    THE COURT'S ADOPTION OF A PER SE RULE PROSCRIBING
        CHILDREN FROM TESTIFYING IN MATTERS INVOLVING
        THEIR PARENTS VIOLATES APPELLANT'S RIGHT TO DUE
        PROCESS OF LAW AND THE RULES OF EVIDENCE.

IV.     APPELLANT'S PROFFER REGARDING THE CHILD'S
        TESTIMONY WAS UNNECESSARY BUT SUFFICIENT TO
        INFORM THE COURT OF THE SUBSTANCE OF THE
        TESTIMONY.

V.      THE EXCLUSION OF THE CHILD'S TESTIMONY WAS NOT
        HARMLESS ERROR.

VI.     THE FINDING THAT APPELLEE DID NOT COHABITATE WITH
        ANOTHER MALE OVER THE AGE OF 18 WAS AGAINST THE
        MANIFEST WEIGHT OF THE EVIDENCE."

ASSIGNMENTS OF ERROR I, II AND III

{¶6} As Appellant's first three assignments of error are interrelated,

we will address them in conjunction with one another. Each of these three

assignments of error essentially challenges the trial court's adoption and enforcement of an unwritten local rule which precludes minor children from testifying in domestic relations matters, claiming such action was in violation of public policy and deprived Appellant of due process. Appellee's counsel and the trial court have both conceded that the oral rule at issue was never made a part of the written, local rules of the court.  As Appellant's arguments raise constitutional questions and public policy concerns, they are questions of law, which we review de novo, without deference to the decision of the trial court.

{¶7}  The trial court, in its entry, referenced that it had been the policy of the court for many years not to permit minor children to testify, citing concerns of parental alienation and emotional abuse.  Appellant, nonetheless, claims not to have had notice of this unwritten rule, and argues on appeal that had he known he would have taken other steps to prepare for trial.  Appellant's argument goes a step further, however, by challenging the validity of the rule in general, citing due process concerns regarding the lack of notice, and the conflict between such a rule and rules of evidence.

{¶8}  Rule 5 of the Rules of Superintendence governs the adoption of local rules and provides in section (A)(2) as follows:

"A local rule of practice shall be adopted only after the court or

division provides appropriate notice of an opportunity to

comment on the proposed rule. If the court or division

determines that there is an immediate need for the rule, the

court or division may adopt the rule without prior notice and

opportunity for comment, but promptly shall afford notice and

opportunity for comment."

The rule further provides in section (A)(3) that "[u]pon adoption, the court

or division shall file a local rule of practice with its clerk and the clerk of the

Supreme Court." Finally, the rule provides in section (A)(1) that "[l]ocal

rules of practice shall not be inconsistent with rules promulgated by the

Supreme Court." Thus, the Rules of Superintendence clearly call for notice

to be given with respect to the adoption of any and all local rules.

{¶9} We are mindful, however, of the weight to be afforded the Rules

of Superintendence. The "Rules of Superintendence are designed (1) to

expedite the disposition of both criminal and civil cases in the trial courts of

this state, while at the same time safeguarding the inalienable rights of

litigants to the just processing of their causes; and (2) to serve that public

interest which mandates the prompt disposition of all cases before the

courts." *State v. Singer*, 50 Ohio St.2d 103, 109-110, 362 N.E.2d 1216

(1977). Courts have interpreted the Rules of Superintendence as general guidelines for the conduct of the courts that do not create substantive rights. Id. at 110 (stating that the Rules of Superintendence are not meant "to alter basic substantive rights"); see, also, *In re K.G.,* 9th Dist. Wayne No. 10CA16, 2010-Ohio-4399, ¶ 11; *Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475, ¶ 31; *Sultaana v. Giant Eagle*, 8th Dist. Cuyahoga No. 90294, 2008-Ohio-3658, ¶ 45. "They are not the equivalent of rules of procedure and have no force equivalent to a statute. They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants." *State v. Gettys*, 49 Ohio App.2d 241, 243, 360 N.E.2d 735 (1976). Thus, we cannot conclude that the trial court's failure to abide by the Rules of Superintendence deprived Appellant of his rights to due process, as they create no rights in general.

{¶10} However, Civil Rule 83 governs "Rule of court," which deals with the adoption of local rules and largely mirrors the language in Sup.R. 5. Civ.R. 83 provides as follows:

"(A)   A court may adopt local rules of practice which shall not be inconsistent with these rules or with other rules promulgated

by the Supreme Court and shall file its local rules of practice with the Clerk of the Supreme Court.

(B)    Local rules of practice shall be adopted only after the court gives appropriate notice and an opportunity for comment. If a court determines that there is an immediate need for a rule, it may adopt the rule without prior notice and opportunity for comment, but promptly shall afford notice and opportunity for comment."

Thus, Sup. R. 5 and Civ.R. 83, read separately and together, clearly permit courts to adopt local rules, provided that appropriate notice and opportunity for comment is given, and that the rules are not inconsistent with other rules promulgated by the Supreme Court.

{¶11} A review of the record indicates that the rule at issue, which is essentially a blanket rule disallowing the testimony of minor children in domestic relations matters, was an unwritten rule.  Thus, it was not published and notice and an opportunity for comment could not have been given.  Opposing counsel does not dispute this, but instead states that "[a] good lawyer knows the law, but a great lawyer knows the judge."  We view this adage to be a weak argument and a poor substitute for judicially required notice of the local rules.  And, we are a government of laws and not

of men and women.  Accordingly, we find the trial court's reliance and enforcement of such a rule to be in error.

{¶12}  The Seventh District Court of Appeals was faced with a similar situation in *In re Estate of Traylor, et al.*, 7th Dist. Mahoning Nos. 03MA253 - 03MA259, 03MA262, 2004-Ohio-6504.  In *Traylor*, the court held that a probate court could not retroactively impose sanctions based upon local rules of court, in part because the rule was not effective yet, and in part because another rule upon which part of the sanction was based was an unwritten rule of the court dealing with deposit of settlement funds.  Id. at ¶ 18.  In reaching its decision, the *Traylor* court noted that the probate court's actions were "complicated by the fact that there is no provision in the Rules of Superintendence for purely oral local rules."  The court reasoned that if the rules are required to be filed with the Supreme Court, "they must be written."  Id. at ¶ 19; See, also *In re Estate of Usiak*, 172 Ohio App.3d 262, 2007-Ohio-3038, 874 N.E.2d 838.  We agree.

{¶13}  Our analysis, however, does not end here.  Aside from failing to provide notice of the rule as required by Civ.R. 83 and recommended by Sup.R. 5, this unwritten local rule appears to be in conflict with "other rules promulgated by the Supreme Court," namely, the Rules of Evidence. Evid.R. 601(A) states that every person is competent to be a witness except

children who are under the age of ten and "appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." A blanket rule disallowing children of any age to testify in domestic relations matters is inconsistent with Evid.R. 601.

{¶14} As set forth above, the testimony that was excluded herein was that of the sixteen year old son of the parties. This was not a situation that involved a child of tender years which first required a competency determination. Rather, pursuant to Evid.R. 601, the child should have been presumed competent to testify. In fact, the trial court's exclusion of the child's testimony does not appear to have been based upon competency issues, but rather based upon the private views of the court and public policy concerns that, as already discussed, were not even part of the court's written local rules.

{¶15} Although it is a question of first impression in our district, other districts have considered and rejected such court policies. For example, the Third District Court of Appeals was confronted with this issue in *Brandt v Brandt*, 3rd Dist. Auglaize No. 2-05-30, 2006-Ohio-883. The issue in *Brandt* involved a situation where the trial court refused to make a competency determination of a nine year old child. Id. at ¶ 10. Instead the

trial court simply determined that it would not allow the child to testify. Id. On appeal, the court noted the trial court's reliance on public policy concerns as well as its own private views in excluding the child's testimony, ultimately determining that the refusal to allow the testimony was unjustified. Id. at ¶ 11. In reaching its decision, the *Brandt* court relied upon *Moser v. Moser*, 72 Ohio App.3d 575, 595 N.E.2d 518 (1991), which interestingly, the trial court herein also relied upon in reaching its decision.

{¶16} In *Moser*, the Third District was confronted with a situation where a trial court refused to allow the parties' seventeen and half year old minor child to testify in a domestic relations matter. Id. at 579. The trial court's refusal was based upon public policy concerns as well, specifically the concern that to allow the child to testify would create an undue burden on the child and possibly create a rift that would never heal. Id. Acknowledging and sympathizing with such concerns, the appellate court nonetheless concluded that the trial court committed error in refusing to permit the child to testify. Id. As will be discussed more fully infra, however, the court did not reverse the decision based upon other reasons.

{¶17} Based upon the foregoing reasoning, we conclude that the trial court erred in adopting and enforcing a purely oral, unwritten, local rule of court which is contrary to both Sup.R. 5 and Civ.R. 83 with respect to its

failure to provide notice as well as its inconsistency with other rules

promulgated by the Supreme Court, namely, Evid.R. 601. In reaching our

decision, we are mindful of the holding in *Glimcher v. Glimcher*, 29 Ohio

App.2d 55, 278 N.E.2d 37 (1971), which was relied upon by the trial court

below in reaching its decision as was also cited by the cases discussed

above. In *Glimcher*, the court was reviewing a decision of a trial court that

had permitted the parties' minor children to testify in a domestic matter. In

discussing the lengthy record, the court noted the children's testimony and

stated that "[w]e do not condone the practice of a parent causing minor

children to testify against the other parent in a divorce action." Id. at 65.

{¶18} While we share the concerns of the *Glimcher* court, as well as

the trial court below, our concerns cannot and should not take precedence

over the rules of evidence. Further, as noted in *Moser*, "[a]s undesirable as

the practice may be, courts have traditionally permitted children of the

parties to a divorce to testify in the hearing thereon." *Moser* at 579. As

such, we sustain Appellant's first, second and third assignments of error to

the extent that they assert a technical error in the trial court's reliance upon

an unwritten local rule, as well the court's enforcement of a blanket rule

disallowing child testimony in domestic matters. We further find that this

error did, in fact, result in a deprivation of due process on the part of

Appellant with respect to his right to notice of the rules of court. However, whether Appellant was prejudiced, the extent to which he was prejudiced, as well as whether the errors of the trial court constitute reversible error will be discussed as part of our analysis of Appellant fourth and fifth assignments of error.

ASSIGNMENTS OF ERROR IV AND V

{¶19} As the analysis of these assignments of error is intertwined, we address them in conjunction with one another. In his fourth assignment of error, Appellant contends that his proffer regarding the child's testimony was unnecessary but sufficient to inform the court of the substance of the testimony. In his fifth assignment of error, Appellant contends that the exclusion of the child's testimony was not harmless error. As already discussed, we have determined that the trial court erred in the adoption and enforcement of rule at issue, however, " 'in order for a reviewing court to reverse an evidentiary ruling of the trial court, an appellant must affirmatively demonstrate through the record on appeal not only that error was committed, in the technical sense, but also that such error was prejudicial to appellant, except in rare circumstances where the error is so substantial that prejudice will be presumed.' " *Moser v. Moser*, supra, at

579; citing 5 Ohio Jurisprudence 3d (1978), 115, Appellate Review, Section

555.

{¶20} The trial court attempted to preemptively address these

potential arguments in its decision by stating that even if the court policy

preventing children from testifying was incorrect, Appellant's proffer of the

child's testimony was insufficient to allow a reviewing court to determine

what, if any, impact the testimony would have had on the outcome of the

proceeding and thus, its exclusion of the testimony was harmless error.  The

trial court cited the reasoning of *Moser v. Moser*, supra, in support of its

decision.  Appellee's argument on appeal follows this line of thought,

arguing that "the proffer said the boy would testify but not what he would

say."  Appellant, on the contrary, contends that a proffer was unnecessary

but that his proffer was adequate.

{¶21} We begin by noting that "[t]he decision to admit or exclude

evidence rests within the trial court's sound discretion." *State v. Munion*, 4th

Dist. Scioto No. 12CA3520, 2013-Ohio-3776; citing *State v. Tyler*, 4th Dist.

Ross No. 10CA3183, 2011-Ohio-3937, ¶ 24; citing *State v. McGuire*, 80

Ohio St.3d 390, 400-401, 686 N.E.2d 1112 (1997).  As such, a reviewing

court will not reverse the trial court's decision absent an abuse of discretion.

*State v. Apanovitch*, 33 Ohio St.3d 19, 25, 514 N.E.2d 394 (1987).  The term

"abuse of discretion" implies that the court's attitude is unreasonable, unconscionable, or arbitrary. *State v. Adams*, 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980). Furthermore, " '[w]hen applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.' " *State v. Munion* at ¶ 14; quoting *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶22} Evid.R. 103(A) governs "Rulings of Evidence" and provides, in pertinent part, as follows:

> "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> * * *
>
> (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. * * *"

Thus, a plain reading of Evid.R. 103(A)(2) indicates that an offer of proof is required in order to preserve any error in excluding evidence, unless the substance of the excluded evidence is apparent in the record. *State v. Brooks*, 44 Ohio St.3d 185, 542 N.E.2d 636 (1989).

{¶23} Further, in *Greene v. Marchyn*, 4th Dist. Scioto No. 99CA2662, 2000 WL 1468791, this Court explained as follows with respect to offers of proof:

" '[A] party may not predicate error on the exclusion of evidence during the examination in chief unless two conditions are met: (1) the exclusion of such evidence must affect a substantial right of the party and (2) the substance of the excluded evidence was made known to the court by proffer or was apparent from the context within which questions were asked.' Id.; see, also, *State v. Davie* (1997), 80 Ohio St.3d 311, 327, 686 N.E.2d 245, 261.

In *Gilmore* [28 Ohio St.3d 190, 192, 503 N.E.2d 147], the court recognized that "the better practice * * * may be to proffer excluded evidence." Id., 28 Ohio St.3d at 192, 503 N.E.2d at 149. The court stated, however, that 'under Evid.R. 103 a party is not required to proffer excluded evidence in order to preserve any alleged error for review if the substance of the excluded evidence is apparent to the court from the context within which questions were asked.' Id."

It has been held that in order to establish the first prong of Evid.R. 103(A) an appellant must be able to demonstrate that the error alleged affected the final determination of the proceeding. *Campbell v. Johnson*, 87 Ohio App.3d 543, 551, 622 N.E.2d 717; citing *Smith v. Flesher*, 12 Ohio St.2d 107, 233 N.E.2d 137 (1967); *Schmelzer v. Farrar*, 40 Ohio App.2d 440, 320 N.E.2d 707.

{¶24} According to the *Moser* court, the reasoning of which was relied upon by the trial court, an offer of proof generally consists of two elements:

"First, the offering party must inform the trial court as to the legal theory upon which admissibility is proposed. Second, an offering party must show what a witness was expected to testify to and what that evidence would have proven or tended to have proven. See 4 Ohio Jurisprudence 3d (1978) 355, Appellate Review, Section 172. While the proffer of the expected testimony need not be as specific as the testimony itself would have been it must nonetheless be sufficient to enable the reviewing court to determine roughly what, if any, impact the testimony may have had upon the final disposition of the case." *Moser v. Moser* at 580.

As discussed above, *Moser* involved a situation where the trial court refused to allow the parties' seventeen and one half year old daughter to testify in a domestic matter. On appeal, the court held Appellant's proffer of the child's testimony to be insufficient. The proffer in that case consisted of the following:

> "O.K. O.K., just for purposes of proffering into the record. Uh, I wish to call the uh, daughter of the parties. Sunday Moser. Sunday's age [is] 17 [and a] half, and I wish her to testify as to grounds, and the Court has refused that." *Moser* at 580.

Based upon that proffer, the *Moser* court held that it was "unable to make a determination as to whether the trial court's error was prejudicial to appellant." Id.

{¶25} Here, upon being informed by the trial court that the parties' minor child would not be permitted to testify, Appellant made an offer of proof, or proffer, of the child's testimony. Thus, this is not a situation where no proffer was made, but rather, a question of whether the proffer was sufficient. The matter below was essentially limited to the issue of spousal support and the question of whether it should be terminated as a result of the alleged cohabitation of Appellee with her boyfriend, Albert Eastman. Appellant's case was essentially based upon the alleged eye-witness

testimony of his sixteen year old son, who had lived in the house with Appellee until just prior to the proceedings at issue. When it became clear that the trial court would not allow the child to testify, Appellant made the following proffer:

"It would be our position that [D.B.] having resided in the house is in a supreme position to be able to testify that as to who lived and who did not live in the household, how long they lived there; when they would spend the night there. The child would be able to testify as to who brought groceries in and out of the house, who paid for bills, who bought the children shoes, clothes. Who bought Ms. Buckmaster shoes and clothes and various other gifts as well as other necessary living expenses and as well as to be able to testify as to Ms. Buckmaster's relationship and how she phrased what Mr. Eastman's role was in raising them as essentially a father figure who would be able to discipline the children in the house and who's wishes should be respected in the home by the minor children."

{¶26} We conclude the substance of this proffer differs vastly from the proffer that was held to be insufficient in *Moser*. A review of the record makes it clear that Appellant sought to have his son testify that Albert

Eastman lived in the residence, contributed to groceries and bills and also purchased clothes and shoes for Appellee and the children. Thus, we conclude that Appellant's proffer was sufficient. As such, we do not reach the question of whether Appellant's proffer was unnecessary under Evid.R. 103(A)(2).

{¶27} Considering that the child and Appellant's other minor children possessed first hand knowledge of the living situation between Albert Eastman and Appellee, we believe the exclusion of the testimony at issue was prejudicial to Appellant, especially in light of the fact that he was not provided with notice of this court policy to begin with and, as such, had not taken other measures to prove his claims. Thus, we believe that the exclusion of the evidence at issue affected a substantial right of Appellant in that it affected the final determination. As a result, we further find that the exclusion of the child's testimony was not harmless error.

{¶28} In light of the foregoing, which determined that Appellant's proffer was sufficient for purposes of appellate review and that the trial court abused its discretion in excluding the proffered testimony, Appellant's fourth and fifth assignments of error are sustained.

ASSIGNMENT OF ERROR VI

{¶29} In light of our disposition of Appellant's fourth and fifth assignments of error, we do not reach the merits of Appellant's sixth assignment of error, which contends that the trial court's findings with respect to cohabitation were against the manifest weight of the evidence. Accordingly, we must reverse the decision of the trial court and remand this matter for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

Hoover, J., concurs in judgment only with concurring opinion:

{¶ 30} I concur in the judgment of the principal opinion; but I would not analyze Assignments of Error I, II, and III using the Rules of Superintendence or Civ. R. 83. The trial court erred by not permitting the sixteen-year old son of the parties to testify, contravening the Rules of Evidence. The Rules of Evidence clearly apply to domestic relations cases just as any other civil or criminal cases. As the "local practice" of not allowing minor children of the parties to testify in domestic relations proceedings was never even adopted as a local rule, I would not analyze the assignments of error with respect to the Rules of Superintendence or Civ. R. 83.

{¶ 31} I agree with the principal opinion with respect to Assignments of Error IV, V, and VI.

{¶ 32} Therefore, I would also reverse the judgment of the trial court and remand this matter for proceedings consistent with this opinion.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:  Concurs in Judgment and Opinion.
Hoover, J.:  Concurs in Judgment Only with Concurring Opinion.

For the Court,

BY:  _____
       Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**