IN RE DISQUALIFICATION OF COSS.

BUCKMASTER *v.* BUCKMASTER.

[Cite as *In re Disqualification of Coss*, 140 Ohio St.3d 1210, 2014-Ohio-3435.]

(No. 14–AP–049—Decided July 9, 2014.)

O'CONNOR, C.J.

{¶ 1} John W. Judkins, counsel for the plaintiff in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Rocky A. Coss from presiding over any further proceedings in case No. 10

---

DS 245 in the Highland County Court of Common Pleas. The case is now pending for a rehearing on the plaintiff's motion to terminate spousal support.

{¶ 2} Judkins claims that Judge Coss has demonstrated bias toward the plaintiff by prejudging the credibility of the plaintiff's son as a witness, even though the son has not yet testified in the matter. Specifically, in a May 2013 decision, Judge Coss overruled the plaintiff's objection to the magistrate's decision refusing to allow the plaintiff to call his minor son as a witness. In his decision, Judge Coss explained:

> [T]he Court is of the opinion that in the context of this case, the testimony of the [child] would have received little if any weight because of the circumstances. Children are often manipulated by their parents in divorce proceedings. They may be advancing their own agenda by trying to stay with one parent over another. Their anger toward the other parent would be taken into consideration. Therefore, even allowing the child to testify does not mean that the testimony would have affected the outcome of the case.

*Buckmaster v. Buckmaster*, Highland C.P. No. 10 DS 245, 8 (May 8, 2013).

{¶ 3} The court of appeals determined that Judge Coss abused his discretion in excluding the child's testimony and reversed and remanded the matter for another hearing to allow the plaintiff to call his son as a witness. *Buckmaster v. Buckmaster*, 4th Dist. Highland No. 13CA13, 2014-Ohio-793, 2014 WL 861508. Judkins claims that Judge Coss should be disqualified from presiding over the rehearing because the above-quoted language indicates that Judge Coss will not give the child's testimony any weight and that Judge Coss has taken a position on the case that is "inconsistent with [the judge's] duty to remain impartial and without bias."

{¶ 4} Judge Coss has responded in writing to Judkins's affidavit, denying that he has prejudged the credibility of the child's future testimony. Judge Coss explains that his May 2013 decision was based on the "very general and limited proffer" of the child's testimony, which led the judge to believe that the evidence would have been of limited value and would not have automatically resulted in a different outcome. Judge Coss acknowledges that the appellate court disagreed with his view of the proffered evidence and that the case must now move forward in accordance with the higher court's ruling. Judge Coss vows that on remand, he will fairly and impartially evaluate the testimony of the child "based upon the record before [him] at that time without regard to [his] prior ruling."

{¶ 5} In affidavit-of-disqualification proceedings, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must

be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Here, Judge Coss has sufficiently explained that the statements made in his May 2013 decision were based on his view of the proffered evidence at that time. The judge vows that on remand, he will carry out the appellate court's decision and fairly evaluate the child's testimony.

{¶ 6} There may be circumstances in which a new judge should preside over a rehearing after remand from an appellate court. *See, e.g., Columbus v. Hayes,* 68 Ohio App.3d 184, 188–189, 587 N.E.2d 939 (10th Dist.1990) (remanding for further proceedings before a different judge when the original sentencing judge, after being reversed, made it clear that he did not intend to follow the mandate of the appeals court by declaring that he would impose the same sentence as before, even if he were reversed ten times). However, based on Judge Coss's response to the affidavit, the record here does not firmly establish that Judge Coss lacks the ability to impartially preside over further proceedings in this case or to fairly assess the child's testimony.

{¶ 7} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Coss.