IN RE DISQUALIFICATION OF PARK.

IN RE GUARDIANSHIP OF FLOHR.

2015-Ohio-3840.]

(No. 15–AP–036—Decided April 21, 2015.)

O'CONNOR, C.J.

{¶ 1} Jude Flohr, one of the ward's children in the underlying guardianship proceeding, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Dixie Park from presiding over any further proceedings in the above-captioned case.

{¶ 2} In December 2014, the Fifth District Court of Appeals reversed, in part, one of Judge Park's decisions because she had failed to provide Flohr with proper notice of the scope of a hearing, thereby violating his due-process rights. *See In re Guardianship of Flohr*, 5th Dist. Stark No. 2014CA0082, 2014-Ohio-5847, 2014 WL 7476166, ¶ 23–25. Flohr now claims that by denying him due process, Judge Park "demonstrated an actual bias and prejudice" against him and should be disqualified. Flohr further states that notwithstanding the decision by the court of appeals, Judge Park has continued to preside over his case.

{¶ 3} Contrary to Flohr's contention, it has long been held that "a trial judge's opinions of law, even if erroneous, are not by themselves evidence of bias or prejudice and therefore are not grounds for disqualification." *In re Disqualification of Floyd*, 135 Ohio St.3d 1249, 2012-Ohio-6336, 986 N.E.2d 10, ¶ 8. Additionally, "a judge may remain on a case that has been remanded from the court of appeals." *In re Disqualification of Hurley*, 113 Ohio St.3d 1228, 2006-Ohio-7229, 863 N.E.2d 630, ¶ 6. Here, the Fifth District determined that Judge Park had failed to afford Flohr certain due-process rights, but nothing in the court of appeals' opinion or in Flohr's affidavit demonstrates that the judge's decision was a product of personal bias or prejudice against Flohr. Accordingly, while there may be circumstances in which a new judge should preside over a remanded case,

Flohr has not proven that any such disqualifying circumstances exist here. *See, e.g., Columbus v. Hayes,* 68 Ohio App.3d 184, 189, 587 N.E.2d 939 (10th Dist.1990) (remanding for further proceedings before a different judge when original sentencing judge, after being reversed, made it clear that he did not intend to follow the mandate of the appeals court).

{¶ 4} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Park.