IN RE DISQUALIFICATION OF HUFFMAN.

THE STATE OF OHIO *v.* BAKER.

2016-Ohio-3133.]

(No. 16–AP–014—Decided April 4, 2016.)

---

O'CONNOR, C.J.

{¶ 1} Defendant, Kelsy Baker, and her attorney, Sallynda Rothchild Dennison, have filed affidavits with the clerk of this court seeking to disqualify Judge Mary

Katherine Huffman from presiding over any further proceedings in the above-captioned case.

{¶ 2} A jury convicted Baker of vandalism and burglary, and Judge Huffman sentenced her to five years of community-control sanctions, which included conditions that Baker obtain new employment, complete treatment at a specified behavioral institute, and pay restitution to two victims. The Second District Court of Appeals reversed portions of the sentence, finding that the trial court should have held a restitution hearing and that the court abused its discretion by ordering Baker to change jobs and therapists. *See State v. Baker*, 2d Dist. Montgomery No. 26703, 2016-Ohio-315, 2016 WL 524458. On remand, Judge Huffman held a status conference on February 11, 2016, to schedule the restitution hearing. Affiants filed their affidavits of disqualification after the conference.

{¶ 3} Baker avers that Judge Huffman has exhibited bias against her and Dennison throughout the underlying case, and Baker questions whether Judge Huffman can fairly and impartially preside over the restitution hearing. To support her claims, Baker points to comments made by Judge Huffman at the initial sentencing hearing, and she criticizes the judge's sentence, especially the portions that were reversed by the court of appeals. Baker also submitted a video of the February 11 status conference, at which, she claims, Judge Huffman expressed "disdain" for the Second District's decision and acted unprofessionally toward her and Dennison. Baker also states that at the conference, Judge Huffman acknowledged that she and an assistant prosecutor had had an ex parte communication about the case.

{¶ 4} Judge Huffman has responded in writing to the affidavits, denying any bias against Baker or Dennison. The judge states that her comments at the initial sentencing hearing and the initial sentence itself were based on the evidence and applicable law—rather than any bias toward Baker. Judge Huffman continues to disagree with the Second District's interpretation of her initial sentence, but the judge further states that she is obligated to comply with the higher court's decision. Finally, Judge Huffman acknowledges that an assistant prosecutor notified her by telephone that the state intended to appeal the Second District's decision. According to Judge Huffman, the telephone call was a "procedural courtesy," and she did not discuss the merits of the underlying case with the assistant prosecutor.

{¶ 5} For the reasons explained below, no basis has been established to order the disqualification of Judge Huffman.

{¶ 6} First, "[b]ecause a sentencing judge must ordinarily explain the reasons for imposing a sentence, judicial comments during sentencing, even if disapproving, critical, or heavy-handed, do not typically give rise to a cognizable basis for

disqualification." *In re Disqualification of Winkler*, 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996, ¶ 9. Here, a review of the sentencing transcript does not indicate that Judge Huffman has developed personal hostility or ill will against Baker warranting her removal. Accordingly, Baker's allegations of bias based on the judge's comments at sentencing are not well taken. *Compare id.* at ¶ 11 (disqualifying trial judge from resentencing a defendant because, among other reasons, the judge's description of the defendant at the initial sentencing might have caused an objective observer to question whether the judge had developed hostile feelings toward that defendant).

{¶ 7} Second, it has long been held that "a trial judge's opinions of law, even if erroneous, are not by themselves evidence of bias or prejudice and therefore are not grounds for disqualification." *In re Disqualification of Floyd*, 135 Ohio St.3d 1249, 2012-Ohio-6336, 986 N.E.2d 10, ¶ 8. Here, the Second District determined that Judge Huffman had abused her sentencing discretion, but nothing in the court of appeals' opinion indicates that the judge's sentence was the product of personal bias or prejudice against Baker.

{¶ 8} On remand, Judge Huffman expressed her disagreement with the Second District's decision. As explained in a previous disqualification matter, "[r]emarks like those can regrettably cause one party or another to believe that a judge who says them will not follow a higher court's rulings on remand, and judges should therefore think carefully before sharing their views so openly with the parties in ongoing litigation." *In re Disqualification of Hurley*, 113 Ohio St.3d 1228, 2006-Ohio-7229, 863 N.E.2d 630, ¶ 5. Even so, Judge Huffman stated in her response to the affidavits that she fully accepts the authority of the court of appeals and her duty to comply with the higher court's decision. In light of the judge's assurances, the record does not clearly establish that Judge Huffman is unable or unwilling to set aside her disagreement with the appellate court's decision. Accordingly, although there may be circumstances in which a new judge should preside over a remanded case, Baker has not proven that any such disqualifying circumstances exist here. *Compare Columbus v. Hayes*, 68 Ohio App.3d 184, 189, 587 N.E.2d 939 (10th Dist.1990) (remanding for further proceedings before a different judge when original sentencing judge, after being reversed, made it clear that he did not intend to follow the mandate of the appeals court).

{¶ 9} Finally, "[a]n alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.'" *In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. Here, Judge Huffman explains that an assistant prosecutor notified her by telephone of the state's intention to appeal the Second District's decision, but the

judge avers that they did not discuss any substantive matters related to the case. A written notice, with copies to all counsel, could have easily accomplished the state's goal—without the complications arising from a telephone call by one party to the court. Regardless, Baker has not alleged, let alone established, that Judge Huffman and the assistant prosecutor discussed any substantive issues related to the underlying matter. Therefore, disqualification is not warranted.

{¶ 10} The disqualification of a judge is an extraordinary remedy. A "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 11} Accordingly, the affidavits of disqualification are denied. The case may proceed before Judge Huffman.