[Cite as *State v. Wilson*, 2011-Ohio-6184.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 11-CA-04 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-907B |
| v. | : | |
| | : | |
| ERIK D. WILSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of December, 2011.

. . . . . . . . .

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. #0076969, Flanagan, Lieberman, Hoffman & Swaim, Suite 250, 15 West Fourth Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

Erik D. Wilson appeals from his conviction and sentence following a guilty plea to charges of aggravated burglary and evidence tampering.

Wilson advances three assignments of error on appeal. First, he contends the trial court erred in accepting a guilty plea that was not knowingly and voluntarily entered. Second, he

claims the trial court erred in sentencing him after the prosecutor breached a promise to remain silent. Third, he asserts that he received ineffective assistance of counsel during the plea and sentencing proceedings.

Wilson and the State entered into a written plea agreement on December 14, 2010. The first page of the agreement, which Wilson signed, stated that he was entering a guilty plea to count three (aggravated burglary) and count four (tampering). The second page recited the following terms underlying the plea: "plea to count III delete spec and count IV[;] state will dismiss remaining counts PSI[;] state will remain silent at dispo."

The trial court held a plea hearing that same day. At the outset of the hearing, the prosecutor recited the following agreement:

"* * * We have reached a negotiated plea in this case. That agreement is that upon a plea to Count Three of the indictment, that being aggravated burglary with the deletion of the specification, and a plea to Count Four of the indictment, that being tampering with evidence, the State of Ohio would move to dismiss the remaining counts of the case.

"There would be a presentence investigation done and disposition would follow. At that disposition the State of Ohio has agreed to remain silent at the sentence. * * *." (Plea transcript at 3).

Defense counsel confirmed that the foregoing terms were consistent with his understanding of the agreement. (Id. at 4). Wilson then spoke and said he wanted to accept the plea agreement. (Id.). The trial court proceeded to make clear to Wilson that "[i]n exchange for [his] guilty pleas to Counts Three and Four" the State had agreed to dismiss all other counts and a specification. (Id. at 5). The trial court then advised Wilson of the penalties for

aggravated burglary and evidence tampering. (Id. at 6-7). Later in the hearing, Wilson expressed a desire to waive various rights and plead guilty to aggravated burglary and evidence tampering. (Id. at 9). The trial court accepted the plea and found him guilty of those two charges. (Id. at 9).

Following a presentence investigation, the trial court held a dispositional hearing on January 7, 2011. At that time, the trial court heard from defense counsel and Wilson. The trial court then asked if the prosecutor wanted to speak. The prosecutor made the following comments:

"Your Honor, the State has reviewed the presentence investigation and believe[s] it to be a full and accurate recitation of the facts of the case.

"Your Honor, the Court is familiar from codefendants who were already sentenced before this Court and some of the facts of this case, but for the record I would review that on the night in question armed gunmen entered a house, pointed guns at several individuals inside, including a female who was laying on the couch with her small child. There was a shooting that took place in a confined space, and one of the individuals who entered that residence as an assailant was shot and killed.

"Based upon those facts, Your Honor, I don't believe it's hard for the Court to make a finding that this aggravated burglary is the worse [sic] form of the offense, and that any minimal sentence would demean the seriousness of the crime that was committed here.

"Further, the State of Ohio would contend that aggravated burglary and tampering with evidence are two separate offenses and therefore should be handled separately, and we would ask consecutive sentences be applied in this case.

"While the defendant does not have a serious criminal record, has no prior felony convictions, the State of Ohio is of the belief that this was such a serious nature and such a serious offense that prison time is a must in this case.

"The State is also somewhat concerned by the defendant's lack of acknowledgment of any role that he played in this crime. Therefore, the State of Ohio would ask for consecutive sentences on the high end of the range. Thank you." (Sentencing transcript at 4-6).

Following the prosecutor's remarks, the trial court imposed maximum, consecutive sentences totaling fifteen years in prison. This appeal followed.

In his first assignment of error, Wilson contends he did not knowingly and voluntarily enter his guilty plea. In support, he relies on the written plea agreement. His argument focuses on the first part of that agreement, which provided: "plea to count III delete spec and count IV * * *." Wilson claims he understood this to mean that he would plead guilty *only* to count three, while a specification and count four would be dismissed. He contends that misunderstanding rendered his guilty plea unknowing and involuntary.

Read in isolation, the language Wilson cites is ambiguous. To be clear, it should have read: "plea to count III (delete specification) and count IV[.]" Reviewing the plea form as a whole, however, we find no ambiguity and no reasonable basis for a misunderstanding. As set forth above, the full agreement stated: "plea to count III delete spec and count IV[;] state will dismiss remaining counts PSI[;] state will remain silent at dispo." The meaning of this handwritten language was clarified by a prior portion of the same plea agreement, which specified that Wilson was entering a guilty plea to count three (aggravated burglary) *and* count four (tampering). Moreover, the plea hearing transcript contains multiple references to the fact

that Wilson was pleading guilty to these charges. In short, the record as a whole establishes that Wilson knowingly and voluntarily entered his guilty plea. His first assignment of error is overruled.[1]

In his second assignment of error, Wilson claims the trial court erred in sentencing him after the prosecutor breached its promise to remain silent. This argument concerns the prosecutor's promise in the plea agreement to remain silent at sentencing and the prosecutor's subsequent remarks advocating for a harsh sentence.

For its part, the State concedes error, admitting that the prosecutor violated the plea agreement by speaking about the sentence at disposition. The State also admits "there is nothing in the record that would indicate that the trial court did not base its decision at least in part upon the statements of the prosecutor at disposition." In light of this admission of error, the only remaining issue is the proper remedy. Under the circumstances, we believe the appropriate remedy is to remand for resentencing or other appropriate relief before a different judge. *State v. Spence*, Greene App. No. 09-CA-25, 2009-Ohio-6386, ¶10, citing *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.E.2d 427. The second assignment of error is sustained.

In his third assignment of error, Wilson claims he received ineffective assistance of counsel during the plea and sentencing proceedings. This argument concerns defense counsel's failure to clarify the alleged ambiguity and misunderstanding regarding the plea agreement and failure to object to the prosecutor's breach of the plea agreement.

---

[1]Having overruled Wilson's first assignment of error, we deny as, moot, the State's August 30, 2011 motion to strike parts of Wilson's brief related to the first assignment of error that allegedly refer to matters outside the record.

With regard to the terms of the plea agreement, we find no ineffective assistance of counsel. Based on the reasoning set forth above, we conclude that the plea agreement, as a whole, was not ambiguous and that Wilson knowingly and voluntarily entered guilty pleas to charges of aggravated burglary and evidence tampering. As for the prosecutor's breach of the plea agreement, the State has conceded error and agreed that a remand is necessary. Thus, our resolution of the second assignment of error has rendered moot this portion of the third assignment of error. Accordingly, the third assignment of error is overruled.

The judgment of the trial court is reversed and the cause is remanded for resentencing or other appropriate relief before a different judge.

. . . . . . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Andrew R. Picek
Brent E. Rambo
Hon. Douglas M. Rastatter