[Cite as *State v. Graham*, 2013-Ohio-600.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | Patricia A. Delaney, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : | Case No. 12 CAA 11 0082 |
|  | : |  |
|  | : |  |
| WILLIAM E. GRAHAM | : | O P I N I O N |
| Defendant-Appellant |  |  |


CHARACTER OF PROCEEDING:          Criminal Appeal from Delaware
                                                            County Court of Common Pleas Case
                                                            No. 11CR-I-05-0272

JUDGMENT:                                         Reversed and Remanded

DATE OF JUDGMENT ENTRY:          February 15, 2013

APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

CAROL HAMILTON O'BRIEN                 WILLIAM E. GRAHAM
Prosecuting Attorney                           Inmate #647-058
Delaware County, Ohio                         Pickaway Correctional Institution
                                                             P.O. Box 209
BY: ERIC C. PENKAL                           Orient, Ohio  43146
Assistant Prosecuting Attorney
140 N. Sandusky Street – 3rd Floor
Delaware, Ohio 43015

*Hoffman, J.*

{¶1} Defendant-appellant, William E. Graham, appeals the October 30, 2012, Judgment Entry entered by the Delaware County Court of Common Pleas, denying his motion to withdraw his plea of guilty. The State of Ohio is plaintiff-appellee.

<u>STATEMENT OF THE CASE[1]</u>

{¶2} On September 15, 2011, Appellant pled guilty to one count of breaking and entering in violation of R.C. 2911.13(A). As part of the negotiated plea agreement, the State agreed to remain silent at sentencing.

{¶3} Appellant's sentencing hearing was held on December 15, 2011. At the sentencing hearing, the court asked the prosecutor to proceed. Rather than remaining silent on the issue of sentencing as required by the plea agreement, the prosecutor stated:

{¶4} "MR. DUMOLT: Your Honor, I think the PSI speaks for itself. There's a score of convictions going back to 1974. In this case I think we're - - the last time we were here everyone agreed he's not a good candidate for CBCF at this time, and that a prison sentence is appropriate in this case.

{¶5} "His record is one of the longest I have seen in the five years I've been doing this; this is rather extensive. He's a career criminal. Counsel will recommend a CBCF, might be a condition, a condition of judicial release as an option, but at this time I think that a prison sentence is appropriate. He's obviously had a number of shots at community control, proven not amenable to the past." Tr. (S.H.) 5.

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

**{¶6}** The court sentenced Appellant to 11 months incarceration, to be served consecutively with a sentence Appellant was serving from a conviction in an unrelated case.

**{¶7}** Appellant moved to withdraw his guilty plea on June 7, 2012. Appellant's motion was based on the State's breach of the plea agreement and his counsel's failure to object when the prosecutor spoke during the sentencing hearing. The trial court overruled the motion via Judgment Entry filed October 30, 2012. Appellant appeals this judgment, assigning two errors:

**{¶8}** "I. THE LOWER COURT ERRED AS A MATTER OF LAW IN FAILING TO APPLY THE PRECEDENT SET BY THE U.S. SUPREME COURT IN *SANTOBELLO V. NEW YORK* (1971), 404 U.S. 257, 262-63, IN CONSIDERING MY CLAIM THAT THE PROSECUTOR HAD BREACHED THE TERMS OF A WRITTEN PLEA AGREEMENT.

**{¶9}** 'II. DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT WHEN THE COURT ASKED FOR THE STATE'S COMMENT AND AGAIN WHEN THE PROSECUTOR RECOMMENDED A PRISON SENTENCE AFTER THE STATE AGREED TO REMAIN SILENT AT SENTENCING."

**{¶10}** This case comes to us on the accelerated calendar governed by App. R. 11.1, which states the following in pertinent part:

**{¶11}** "**(E) Determination and judgment on appeal**

**{¶12}** "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

I

{¶13} Appellant argues the court erred in failing to grant his motion to withdraw based on the United States Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶14} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides:

{¶15} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶16} "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams,* 10th Dist. No. 03AP–1214, 2004–Ohio–6123, ¶ 5. "'[I]t is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.'" *State v. Gripper,* 10th Dist. No. 10AP–1186, 2011–Ohio–3656, ¶ 7, quoting *State v. Smith,* 49 Ohio St.2d 261, 264 (1977). A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion. *State v. Orris,* 10th Dist. No. 07AP–390, 2007–Ohio–6499.

{¶17} Appellant argues pursuant to *Santobello, supra,* he should have been permitted to withdraw his plea based on the State's breach of the plea agreement. The defendant in *Santobello* was charged with a variety of gambling offenses. The defendant pled guilty to reduced charges in exchange for a promise by the prosecutor

he would not make any recommendation as to the sentence. 404 U.S. at 258. A different prosecutor then appeared at the sentencing hearing and recommended the maximum sentence, and the defendant was sentenced accordingly. *Id.* at 260. The Supreme Court held, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the indictment or consideration, such promise must be fulfilled." *Id.* at 262. The Court remanded the case to the state court to determine whether specific performance of the plea agreement or withdrawal of the plea was appropriate. *Id.* at 263. The court interpreted specific performance to mean the defendant would be resentenced in front of a different judge. *Id.*

{¶18} In the instant case, the State does not dispute the fact the prosecutor who handled the sentencing hearing breached the plea agreement by speaking on the issue of sentencing. However, in the instant case we do not find withdrawal of the plea is the appropriate remedy. Appellant entered the plea three months prior to the sentencing hearing, and the breach of the agreement relates solely to the issue of sentence. The record does not demonstrate the plea was in any way involuntary, and Appellant has not demonstrated his plea was rendered involuntary by the prosecutor's statements at the sentencing hearing.

{¶19} However, the prosecutor did breach the plea agreement by arguing strongly for a prison sentence at the sentencing hearing, when the terms of the agreement stated the prosecutor would remain silent at sentencing. The prosecutor expressed his personal opinion as the nature of appellant's record being one of the longest he had ever seen. Counsel for Appellant argued community control might be

appropriate at some point, as Appellant was older and tired of spending the majority of his adult life in prison. Counsel quoted Appellant as saying he "did not want to be out doing B and E's when I'm seventy years old." Tr. (S.H.) 7. We cannot say the prosecutor's statements had no effect on the outcome of the sentencing hearing, as the court ultimately sentenced appellant to 11 months incarceration, one month less than the maximum sentence of 12 months.

{¶20} Based on *Santobello*, *supra*, we find Appellant is entitled to a new sentencing hearing in front of a different judge, at which the prosecutor will remain silent in accordance with the terms of the plea agreement in the instant case. The first assignment of error is sustained.

II

{¶21} In his second assignment of error, Appellant argues counsel was ineffective for failing to object to the prosecutor's statements during his sentencing hearing. This assignment of error is rendered moot by our disposition of Appellant's first assignment of error.

**{¶22}** The judgment of the Delaware County Common Pleas Court is reversed. This cause is remanded to that court with instructions to hold a new sentencing hearing before a different judge.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman _____

s/ Patricia A. Delaney _____

s/ Sheila G. Farmer _____

WBH/r0201

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM E. GRAHAM | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12 CAA 11 0082 |


For the reason stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded to the trial court for a new sentencing hearing before a different judge.  Costs assessed to Appellee.


s/ William B. Hoffman _____

s/ Patricia A. Delaney _____

s/ Sheila G. Farmer_____