[Cite as *State v. Adams*, 2014-Ohio-883.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 MA 54 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| LAMAR ADAMS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Application for Reconsideration.


JUDGMENT:        Application for Reconsideration Denied.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul Gains
        Prosecuting Attorney
        Attorney Ralph Rivera
        Assistant Prosecuting Attorney
        21 West Boardman Street, 6th Floor
        Youngstown, Ohio  44503


For Defendant-Appellant:        Attorney Joshua Hiznay
        1040 South Commons Place, Suite 202
        Youngstown, Ohio  44514


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


        Dated:  March 5, 2014

PER CURIAM:

**¶{1}**   On February 14, 2014, this court found that the state's breach of a plea agreement was plain error requiring our recognition.  The defendant asked for plea withdrawal as his remedy.   The state asked that we not recognize plain error urging there was no prejudice.  We pointed out how the United States Supreme Court stated that upon a breach of a plea, the court is to decide whether the circumstances require plea withdrawal or specific performance "in which case [the defendant] shall be resentenced by a different judge." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.E.2d 424 (1971) (leaving the choice to the state courts).   *Santobello* was then remanded by the United States Supreme Court to the appellate court, which chose the resentencing option and remanded to the trial court for resentencing by a different judge.  *See People v. Tindle*, 61 N.Y.2d 752, 460 N.E.2d 1354 (1984), citing *People v. Santobello*, 39 A.D.2d. 654, 331 N.Y.S.2d 776 (1972) (remanding to a particularly numbered Bronx court for resentencing).

**¶{2}**   In implementing *Santobello*, we chose the option of remanding for resentencing before a different judge rather than the plea withdrawal option.   We emphasized that our choice of remedy in no way questioned the fairness of the original sentencing judge.  *State v. Adams*, 7th Dist. No. 13MA54, ¶ 38, citing *United States v. Barnes*, 278 F.3d 644 (6th Cir.2002) (remanding for resentencing before different district judge).   Our decision was merely the choice of a *Santobello* option and a remand with instruction; it was not a disqualification order.

**¶{3}**   The state has filed a timely application to reconsider under App.R. 26(A)(1), asking only that we eliminate the requirement that resentencing be held before a *different* judge, urging that sentencing should proceed before the same judge.   In support, the state relies on the fact that the Chief Justice of the Ohio Supreme Court or her designee has the exclusive jurisdiction to disqualify a trial judge.  *See* Art. IV, Sec. 5 of Ohio Constitution; R.C. 2701.03; *State v. Moore*, 7th Dist. No. 05MA178, 2007-Ohio-7215, ¶ 12-14.   Although the state did not discuss *Santobello*'s perceived remedy limitations in Ohio in their response brief, the state posits that our choice of remedy is an "obvious error."  *See Juhasz v. Costanzo*, 7th Dist. No. 99CA294 (Feb. 7, 2002) (obvious error as reason for reconsideration).

**¶{4}**   However, there are Ohio appellate cases that have remanded for resentencing with instructions that the resentencing be held before a different judge under *Santobello*.  *See, e.g., State v. Graham*, 5th Dist. No. 12CAA110082, 2013-Ohio-600, ¶ 22; *State v. Wilson*, 2d Dist. No. 11CA04, 2011-Ohio-6184, ¶ 20; *State v. Spence*, 2d Dist. No. 09-CA-25, 2009-Ohio-

6386, ¶ 10. And, even in remanding for the trial court to choose the option, there are Ohio appellate cases that instructed the trial court to have the case reassigned to another judge for resentencing if it refuses the option of plea vacation. *See, e.g., State v. James*, 4th Dist. No. 13CA3371, 2013-Ohio-5322, ¶ 15-16 (trial court must either allow plea withdrawal or reassign the case for resentencing); *State v. Thompson*, 4th Dist. No. 03CA766, 2004-Ohio-2413, ¶ 17; *State v. Lewis*, 3d Dist. No. 1-02-10, 2002-Ohio-3950, ¶ 23. And, the remedy of remanding for resentencing with instructions to reassign has also been utilized in a case not involving a *Santobello* choice of remedy but one involving bias. S*ee Columbus v. Hayes*, 68 Ohio App.3d 184, 587 N.E.2d 939 (10th Dist.1990), cited in *In re Disqualification of Floyd*, 135 Ohio St.3d 1249, 989 N.E.2d 10, 2012-Ohio-6336, ¶ 10 (with no suggestion that *Hayes* was improper).

**¶{5}** Thus, the alleged error is less than obvious. Rather, the state is disagreeing with our legal conclusion. *See Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005-Ohio-3828, ¶ 2; *Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005-Ohio-1766, ¶ 16 (reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court). We note that under the state's position, we would essentially have to remand for resentencing with a statement that the defendant could ask the trial court to recuse under *Santobello* and file an affidavit of disqualification if the court refuses. However, the defendant here wanted plea vacation and may not file these requests, which would leave our choice of remedy without effect as we may have permitted plea withdrawal in the absence of reassignment. This issue is best left for the Ohio Supreme Court in an appeal by the state here. Reconsideration is denied.


Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, P.J., concurs.