[Cite as *State v. Baldwin*, 2014-Ohio-4147.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 BE 30 |
| V. | ) | |
| | ) | OPINION |
| PETER DOUGLAS BALDWIN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Belmont County, Ohio
Case No. 10CR092

JUDGMENT:                                   Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee                     No brief filed

For Defendant-Appellant               Attorney James Nichelson
P.O. Box 97
Martins Ferry, Ohio 43935-0097

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: September 19, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Peter Baldwin, appeals from a Belmont County Common Pleas Court judgment denying his Motion for Specific Performance or, in the Alternative for Leave to Withdraw Plea.

{¶2} On May 5, 2010, a Belmont County Grand Jury indicted appellant on six counts of theft, in violation of R.C. 2913.02(A)(1). One count was a fifth-degree felony and the remaining five counts were misdemeanors. Appellant initially pleaded not guilty.

{¶3} Appellant later entered a guilty plea to the fifth-degree felony theft on November 23, 2010, after plea negotiations with plaintiff-appellee, the State of Ohio. As part of his plea agreement, appellant was to make restitution of $1,521.63 to the victim within 15 months beginning January 1, 2011. Probation was to continue until restitution was paid. Additionally, the misdemeanor counts were dismissed. The state made no recommendation as to sentencing. The trial court accepted the plea, found appellant guilty, and set sentencing for December 20, 2010.

{¶4} After a continuance, the matter came on for sentencing on January 24, 2011. At that hearing, appellant reported that he had so far paid $280 towards his restitution. (1/24/11 Tr. 2). The court continued the matter without sentencing appellant.

{¶5} The matter next came for sentencing on March 21, 2011. Appellant had not paid anything additional towards his restitution but he indicated to the court that he had $150 with him to pay. (3/21/11 Tr. 2). The court stated it would continue the case for two weeks to see how much appellant could pay in that time. (3/21/11 Tr. 2-3).

{¶6} The next hearing date was April 4, 2011. By that date appellant had paid an additional $250 towards his restitution and stated he had brought another $100 with him to pay. (4/4/11 Tr. 2). Appellant had paid roughly $500 toward his $1,521.63 to date. (4/4/11 Tr. 3).

{¶7} May 2, 2011, was the next hearing date. Appellant brought another $150 to pay toward his restitution. (5/2/11 Tr. 3).

**{¶8}** The court held the next hearing July 11, 2011. The court noted that appellant had been making regular payments and set the matter to be heard again in 60 days. (7/11/11 Tr. 2-3).

**{¶9}** The next hearing date was September 6, 2011. Appellant brought receipts evidencing he had paid an additional $70. (9/6/11 Tr.2).

**{¶10}** On October 17, 2011, the court held the next hearing. Appellant presented more receipts to the court and stated that he still owed approximately $700 towards his restitution. (10/17/11 Tr. 2-3).

**{¶11}** The next two hearings were continued.

**{¶12}** On February 13, 2012, appellant appeared and presented more receipts evidencing payments. (2/13/12 Tr. 2).

**{¶13}** Numerous hearing dates were then continued, mostly at appellant's request.

**{¶14}** The next hearing was December 3, 2012. Appellant stated he still owed $660

**{¶15}** And he had $300 to pay that day. (12/3/12 Tr. 3).

**{¶16}** Appellant failed to appear for the February 4, 2013 hearing.

**{¶17}** At the March 4, 2013 hearing appellant reported that he had paid $100 since his last hearing and had another $100 to pay that day. (3/4/12 Tr. 3).

**{¶18}** The next hearing was held on May 13, 2013. There was some confusion as to what amount appellant still owed. The court stated it would find out the exact amount appellant still owed. (5/13/13 Tr. 5).

**{¶19}** September 3, 2013, was the next hearing date. Up until this time, the hearings were conducted by the same judge. A new judge, however, presided over the September 3, 2013 hearing. The court indicated that appellant had just paid the balance in full a few days prior. (9/3/13 Tr. 2). The court then proceeded to sentencing. The State indicated that it was not opposed to community control sanctions but opined that the sanctions should include EOCC (Eastern Ohio Correction Center). (9/3/13 Tr. 4). The court sentenced appellant to 12 months in

prison, all suspended; and two years of community control, of which six months are to be served in the county jail.

{¶20} Appellant filed a Motion for Specific Performance or, in the Alternative, for Leave to Withdraw Plea. He argued that the state violated the terms of the plea agreement by recommending EOCC and that the sentence itself violated the plea agreement. Appellant believed that under the plea agreement, he would make restitution and remain on probation until his restitution was paid in full. He argued no jail sentence was part of the agreement.

{¶21} The court held a hearing on appellant's motion. It then overruled the motion. The court noted that appellant was to make restitution within 15 months from January 1, 2011. But he did not make his final payment until August 27, 2013, one year and four months after its due date and just days before his sentencing date. It also noted that appellant's most recent payment prior to the August 27 payment was on May 8, 2013, which did not demonstrate a good faith effort to comply. In overruling appellant's motion, the court stated that appellant had "made a mockery of his payment schedule." It stated that it was not bound by appellant's plea bargain, especially when appellant breached the plea agreement. The court further pointed out that when appellant entered his plea he acknowledged the maximum penalty he was facing and that it was a possibility. Finally, the court noted that appellant only wished to withdraw his plea because he was unhappy with his sentence.

{¶22} Appellant filed a timely notice of appeal on October 7, 2013. On appellant's motion, this court granted a stay of appellant's sentence pending this appeal.

{¶23} The State has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

{¶24} Appellant raises three assignments of error. The assignments of error all make the same argument, that being that the trial court erred in not ordering specific performance or allowing him to withdraw his plea.

{¶25} Appellant's assignments of error state:

THE TRIAL COURT ERRED WHEN IT FAILED TO DETERMINE THE STATE OF OHIO HAD VIOLATED THE TERMS OF THE PLEA AGREEMENT OF NOVEMBER 22, 2010.

THE TRIAL COURT ERRED WHEN IT FAILED TO ENFORCE THE TERMS OF THE PLEA AGREEMENT OF NOVEMBER 22, 2010.

THE TRIAL COURT ERRED WHEN IT FAILED TO ORDER [a] NEW SENTENCING HEARING BEFORE A DIFFERENT JUDGE OR ALLOW WITHDRAWAL OF [the] PLEA.

{¶26} The plea agreement stated in part: "Def. to make restitution of $1,521.63 within 15 mos. Beginning Jan. 1, 2011. Probation until restitution paid. Companion misdemeanor cases dismissed." It also provided: "STATE MAKES NO RECOMMENDATION."

{¶27} Appellant argues the state violated the terms of the plea agreement by recommending EOCC at sentencing. Additionally, appellant argues the plea agreement evidences that a jail sentence was not contemplated. Instead, he was to be on probation until he made restitution. Moreover, appellant argues the trial court's and the state's actions during the time he was making restitution demonstrated that they did not contemplate a jail sentence. He notes that both the prosecutor and trial court advised him that if he completed payment of restitution he need not return to court. Appellant asserts that when the new trial court judge took over his case, the judge determined appellant breached the agreement thus rendering it void. However, he notes that the prior trial court judge made clear that restitution was paramount, regardless of its timing.

{¶28} Appellant asked the court to allow him to withdraw his guilty plea or, in the alternative, require specific performance of the plea agreement.

{¶29} A plea agreement is contractual in nature. *State v. Johnson*, 2d Dist. No. 06-CA-43, 2007-Ohio-1743, ¶20. We are to construe plea agreements strictly

against the state. *State v. Vari*, 7th Dist. No. 07-MA-142, 2010-Ohio-1300, ¶25.

**{¶30}** At the March 21, 2011 hearing, appellant's counsel asked the court if it would sentence appellant and the court responded that it wanted to get restitution under control. (3/21/11 Tr. 2). The prosecutor agreed with the court's statement. (3/21/11 Tr. 2).

**{¶31}** At the October 17, 2011 hearing, appellant's counsel once again asked the court if it wanted to formally sentence appellant or if it wanted to keep the case open until restitution was paid in full. (10/17/11 Tr. 2). The court stated, "I think this works." (10/17/11 Tr. 2).

**{¶32}** At the December 3, 2012 hearing, the court and the prosecutor advised appellant that if his balance was paid in full before the next hearing date, he did not have to appear in court. (12/3/12 Tr. 4). In fact, the court told appellant, "You and the court can be strangers" and, "If it's all paid, you don't have to come back here." (12/3/12 Tr. 3, 4). And the prosecutor told appellant's counsel, "if it's all paid, he doesn't have to appear." (12/3/12 Tr. 4).

**{¶33}** At the May 13, 2013 hearing, the court advised appellant that if he paid his remaining balance by August 1, "it's over. No more hearings." (5/13/13 Tr. 5).

**{¶34}** These comments by the court and the prosecutor demonstrate their intent to have appellant make his restitution in full and then his case would be over. And the comments made in December 2012, and May 2013, were made eight months and 13 months after appellant's restitution due date, respectively. Thus, even though appellant did not make restitution within 15 months from January 1, 2011, as provided for by the plea agreement, the court acquiesced in appellant's late payments and encouraged him to continue making the payments so his case could be over. And the state never objected. In fact, it agreed with the court.

**{¶35}** Additionally, the court advised appellant that if he paid his balance in full by August 1, 2013, his case was over. August 1, 2013, was 16 months past the restitution due date set out in the plea agreement. Thus, the court was satisfied with appellant making full payment 16 months late.

{¶36} Sometime after the May 13, 2013 hearing, and before the next hearing, which was September 3, 2013, a new judge took the bench. Up until this time, the previous judge had presided over appellant's case.

{¶37} Appellant made his final restitution payment sometime in the last week of August 2013. (9/3/2013 Tr. 2).

{¶38} At the September 3, 2013 hearing, the new judge informed appellant that upon taking the bench, he was trying to clear up all of the old cases on the court's docket. (9/3/12 Tr. 2). Therefore, he called appellant's case for sentencing. (9/3/12 Tr. 2). The judge told appellant that he had taken advantage of the system. (9/3/12 Tr. 2). The state recommended a sentence including time at EOCC. The judge then sentenced appellant to 12 months in prison, suspended, and six months in jail.

{¶39} Given the record of this case, it is clear that the prior judge's intention all along was to release appellant once he made restitution in full and not to sentence him to jail as long as he was making payments. It was unfortunate for appellant that a new judge took over his case just prior to his making his final payments.

{¶40} Appellant was led to believe, for over two years, both by the trial court and the state, that as long as he continued to make payments toward his restitution, he would not be sentenced to jail. These representations by the court and the state came in the form of the many hearings where appellant appeared and reported his payments and was permitted to go along with his life without being sentenced. Additionally, appellant reported to a probation officer during this entire time. (See, generally, all transcripts containing statements by Mr. Gorence). It was reasonable for appellant to believe that after he made his final payment, in late August 2013, that he was being discharged by the court without any further sentencing. The trial court told appellant at the May 13, 2013 hearing that if his restitution was paid in full by August 1, 2013, "it's over. No more hearings." (5/13/13 Tr. 5). Appellant was paid in full by the end of August 2013. Given the way the court handled this case up until this point, it was reasonable for appellant to believe that once his final payment was

made, he would not be subject to further sanctions by the court.

**{¶41}** Appellant is entitled to specific performance by the state and the trial court according to the terms of the plea agreement.

**{¶42}** A trial court is not obligated to follow the terms of a plea agreement entered into between the state and the defendant. *State v. Dunbar*, 8th Dist. No. 87317, 2007-Ohio-3261, ¶112. But "once the court approves the plea agreement, its ability to deviate from it is limited." *Id.*, citing *State v. Allgood*, 9th Dist. Nos. 90CA004903, 90CA004904, 90CA004905, 90CA004907, 1991 WL 116269 (June 19, 1991). In this case, the trial court's actions and statements demonstrate that it approved the plea agreement entered into by appellant and the state.

**{¶43}** Furthermore, the state agreed as part of the plea agreement to make no recommendation as to sentencing. Then, at sentencing, the state recommended EOCC.

**{¶44}** The trial court found that because appellant breached the terms of the plea agreement by taking more than 15 months to make full restitution, the state was no longer bound by the terms of the plea agreement.

**{¶45}** But we must consider the unique circumstances of this case. Ordinarily, if one party breached their side of a contract, the other side would no longer be bound by the contract. In this case, however, as discussed above, both the trial court and the state acquiesced in extending the time for appellant to make full restitution. Not once during the 14 hearings on appellant's restitution payments did the state object to the court continuing appellant's time to pay in full. Given the state's agreement in granting appellant extra time to make full restitution, it should have abided by the terms of the plea agreement and stood silent at sentencing.

**{¶46}** Specific performance for breach of a plea agreement in this case requires a new sentencing hearing in front of a different judge where the state will make no recommendation as to sentencing. See *State v. Adams*, 7th Dist. No. 13-MA-54, 2014-Ohio-883 (defendant entitled to sentencing hearing in front of another

judge when prosecutor recommended prison sentence after agreeing to stand silent at sentencing),  See also, *State v. Graham*, 5th Dist. No. 12 CAA 11 0082, 2013-Ohio-600; *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.E.2d 427 (1971).

{¶47} Accordingly, appellant's three assignments of error have merit.

{¶48} For the reasons stated above, the trial court's judgment is hereby reversed.  The matter is remanded.  On remand, appellant is entitled to a new sentencing hearing in front of another judge.

Waite, J., concurs.

DeGenaro, P.J., concurs.