[Cite as *State v. Pintarich*, 2021-Ohio-1282.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN P. PINTARICH, III,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 BE 0057**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 CR 192

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

**JUDGMENT:**
Affirmed.

*Atty. Dan Fry*, Belmont County Prosecuting Attorney and *Atty. J. Kevin Flanagan*, Chief Assistant Prosecuting Attorney, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, 755 White Pond Drive, Suite 403, Akron, Ohio 44320, for Defendant-Appellant.

Dated: March 31, 2021

---

**WAITE, J.**

{¶1} Appellant John P. Pintarich, III appeals a December 3, 2019 Belmont County Common Pleas Court judgment entry convicting him of domestic violence following his guilty plea. Appellant argues that the state breached a term of the negotiated plea agreement when it failed to stand silent at sentencing. Appellant also argues that his sentence is contrary to law. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Procedural and Factual History

{¶2} On September 5, 2019, Appellant was indicted on one count of domestic violence, a felony of the third degree in violation of R.C. 2919.25(A), (D)(4). On November 14, 2019, Appellant pleaded guilty to the offense as charged. The state agreed to dismiss a pending domestic violence charge. As part of the agreement, the state agreed to stand silent at sentencing. On December 3, 2019, the trial court sentenced Appellant to the maximum sentence, thirty-six months of incarceration, with credit for 85 days served. The trial court also imposed a mandatory three-year postrelease control term. It is from this entry that Appellant timely appeals.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED WHEN IT FAILED TO DETERMINE THAT THE STATE HAD BREACHED THE PLEA AGREEMENT DATED NOVEMBER 14, 2019.

Case No. 19 BE 0057

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED WHEN IT FAILED TO ENFORCE THE TERMS OF THE PLEA AGREEMENT DATED NOVEMBER 14, 2019.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED WHEN IT FAILED TO ORDER A NEW SENTENCING HEARING BEFORE A DIFFERENT JUDGE.

**{¶3}** One of the terms of Appellant's plea agreement stated that, "[i]n exchange for a guilty plea and based upon conversations with the victim, the State will stand silent at sentencing." (11/14/19 Plea Agreement, p. 3.) Despite this agreement, Appellant contends that the state did not stand silent at his sentencing hearing. In addition, Appellant argues that the state misrepresented a statement made by the victim and used her supportive statement against him. Appellant concedes that he is limited to a plain error review, as he did not object to the state's comments at the sentencing hearing. However, he contends that the error is apparent from the record and that he suffered prejudice, as he was deprived of the benefit of the plea agreement, which he gave up several of his rights to obtain.

**{¶4}** The state concedes that it agreed to stand silent at sentencing, but argues that its comments did not violate the plea agreement. The state explains that it did not request a prison sentence, but merely attempted to "stick up" for the victim. (Appellees' Brf., p. 6.) Even so, the state urges that any error was harmless, as the trial court conducted its own investigation before imposing a sentence.

**{¶5}** We have previously recognized that "[a] plea agreement is contractual in nature." *State v. Hansen*, 7th Dist. Mahoning No. 11 MA 63, 2012-Ohio-4574, ¶ 14. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When the state is in breach of a plea agreement, the defendant is entitled to recission of the plea or specific performance of the plea agreement. *Hansen* at ¶ 14, citing *Santobello* at 263.

**{¶6}** If a defendant fails to object to a state's sentencing recommendation where the state has agreed to stand silent, the defendant is limited to a plain error review. *Puckett v. U.S.*, 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). In order to successfully assert plain error, a defendant must demonstrate the existence of an obvious error that affected his substantial rights under exceptional circumstances. *Hansen* at ¶ 15, citing Crim.R. 52(B); *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). To show an affect on a substantial right, the defendant must demonstrate that the outcome clearly would have different but for the error. *Hansen* at ¶ 15, citing *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996). Specifically, "[t]he question is whether [the defendant's] sentence would have been different absent the breach." *Hansen* at ¶ 15, citing *State v. Kline*, 2d Dist. No. 2009-CA-02, 2010-Ohio-3913, at ¶ 5; *Puckett* at 1433, fn. 4.

**{¶7}** The parties cite to three Seventh District cases: *State v. Adams,* 2014-Ohio-724, 8 N.E.3d 984 (7th Dist.); *State v. Baldwin,* 7th Dist. Belmont No. 13 BE 30, 2014-Ohio-4147; and *Hansen, supra.* In *Adams,* we held that the state's request of an

eight-year sentence violated a term of the plea agreement where the state agreed to stand silent. We found prejudice existed due to the length of the requested term of incarceration and the fact that the defendant was not a "career criminal." *Id.* at ¶ 30.

{¶8} The *Hansen* court reviewed whether the state's comment that "[w]e are proud of [the victim] for telling the truth, for making this statement, and we're asking the court to impose a sentence no less than the five years recommended by the state" violated a term of the plea agreement where the state agreed to seek five years. *Id.* at ¶ 6. We held that the statement went further than stating it recommended a five year sentence when it, instead, asked the trial court not to impose less than five years.

{¶9} In *Baldwin* we held that the state's request for EOCC violated a term of the plea agreement where the state agreed to stand silent. *Id.* at ¶ 43. We also reversed the trial court's decision that the defendant had violated the terms of the plea agreement by taking too long to pay restitution and, thus, that the state was no longer bound by the agreement. We reasoned that since the state had agreed to extend the restitution payment deadline, the defendant did not breach the agreement.

{¶10} In the instant matter, the state did not actually recommend a specific sentence, but appears to be attempting to explain the victim's statement. This is more akin to a case arising out of the Sixth District, *State v. Ross,* 179 Ohio App.3d 45, 2008-Ohio-5388, 900 N.E.2d 678 (6th Dist.). The *Ross* court held that "[a]n agreement by the prosecution to stand mute or to take no position on the sentence does not entirely preclude the government's participation in the sentencing hearing; instead, such an agreement merely restricts the government from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the

court's possession." *Id.* at ¶ 14, citing *State v. Crump,* 3d Dist. Logan 8-04-24, 2005-Ohio-4451. The court also held that "[e]fforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement." *Id.*

{¶11} Here, the victim stated at the sentencing hearing that she wanted to remain in contact with Appellant and be permitted to visit him with her children. She encouraged the court to impose rehabilitation over a prison sentence. When the trial court interrupted her and suggested that her abuse would continue, the victim responded by saying that a prison sentence would do nothing to alleviate Appellant's anger issues.

{¶12} The state then engaged in the following discussion:

[THE PROSECUTOR]: Judge the one thing -- and I know, obviously, from this Court's time on the bench and in county court, you have seen a lot of this. The one thing I would like to point out with [the victim] is she did not come here nor did she ever ask me to outright dismiss the charge. That -- so please take that off the table; that was never her intention. I think the profound thing in my interview with her is she recognized an end game in all of this.

THE COURT: She recognized what, sir?

[THE PROSECUTOR]: An end game. What happens when, and whether that is one year, two years, three years, what happens when. She was, I think, very vocal in that – at least with me, she was absolutely not excusing or justifying [Appellant's] conduct. In fact, what she had told the Court was

Case No. 19 BE 0057

much like what she had told me at the time. So, I would like to point that out that she doesn't come here as that person that sometimes the Court may be used to seeing in these types of situations. She made it very clear to me and I conveyed that to [defense counsel], that although she had positive points for [Appellant], she was not coming here to stick up for him. Again--."

(11/13/19 Sentencing Hrg., pp. 5-6.)

{¶13} The state's commentary raises two issues, whether it merely recharacterized the victim's statement or whether its reference to the sentencing range (one to three years of incarceration) is tantamount to taking a position on sentencing.

{¶14} As to the issue regarding the victim's statement, the state explains that it was merely "sticking up for the victim." There is nothing in the state's comment that requested a prison term, either on behalf of the victim or on behalf of the state. While the state commented that the victim did not want to dismiss the matter, it never stated that she requested incarceration.

{¶15} However, the state did refer to the sentencing range of one to three years of incarceration within its statement. While the state argues that it was clear to all parties at the sentencing hearing that community control sanctions were not on the table, a prison sentence was not mandatory in this matter. Thus, regardless of the state's intention and the parties' knowledge of the likely sentence, this comment could be read as a suggestion by the state that Appellant receive some period of incarceration. As the comment could be read either as an attempt to prevent the trial court from completely dismissing the victim's concerns and comments or as a suggestion that Appellant should be sentenced

Case No. 19 BE 0057

to some term of incarceration, we will assume the latter. Thus, we must determine whether Appellant suffered prejudice as a result of the comments by the state.

**{¶16}** During the victim's statement, the trial court interrupted her after she stated that two years in prison would do nothing to alleviate Appellant's anger issues by responding: "[i]t's going to protect you for *three years,* isn't it, ma'am?" (Emphasis added.) (11/13/19 Sentencing Hrg., p. 3.) The court may have made this statement to correct the victim's apparent misunderstanding of the possible maximum sentence, but it certainly indicates that the court likely intended to sentence Appellant to some term of imprisonment.

**{¶17}** This is supported by the court's emphasis on Appellant's lengthy criminal record at the sentencing hearing, which included several past domestic violence charges. The court emphasized the need to protect both the victim, even if she did not want to be protected, and society in general. The state appears correct that the court was somewhat dismissive of the victim's call for leniency. This record demonstrates that the trial court relied on Appellant's conduct and his criminal record, rather than the state's comments, in sentencing Appellant to a term of imprisonment.

**{¶18}** As noted by the state, Appellant was charged with an enhancement due to prior domestic violence convictions. While those convictions are not discussed on the record, Appellant was charged with a violation of R.C. 2919.25(D)(4). Pursuant to that statute,

> If the offender previously has pleaded guilty to or been convicted of two or
> more offenses of domestic violence or two or more violations or offenses of
> the type described in division (D)(3) of this section involving a person who

was a family or household member at the time of the violations or offenses,

a violation of division (A) or (B) of this section is a felony of the third degree[.]

{¶19} The court acknowledged that Appellant had previously been convicted of at least two prior domestic violence charges. Based on this record, Appellant is unable to demonstrate that his sentence would have been different but for the state's comments.

{¶20} While ideally the state would in fact, stand silent at sentencing when it enters into an agreement to do so, such an agreement means simply that the state will not recommend a sentence. It is not precluded from speaking entirely. Regardless, even if the state's comments in this case can be read as taking a position on sentencing, Appellant cannot demonstrate prejudice. Accordingly, Appellant's first, second, and third assignments of error are without merit and are overruled.

## ASSIGNMENT OF ERROR NO. 4

THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S SENTENCE OF APPELLANT.

{¶21} Appellant argues that a felony of the third degree does not carry a presumption of prison and that this record does not support a prison sentence. Appellant concedes that he has a criminal history, but contends that it does not include violent offenses. He argues that the record contains evidence that he has sought counseling and medication to address his anger management issues. Appellant also argues that the court failed to consider rehabilitation, which is one of the purposes of sentences.

Case No. 19 BE 0057

**{¶22}** In response, the state contends that the record demonstrates that the court considered the relevant sentencing statutes and heavily relied on Appellant's criminal record.

**{¶23}** "An appellate court is permitted to review a felony sentence to determine if it is contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶24}** The Ohio Supreme Court recently held "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, -- Ohio St.3d --, 2020-Ohio-6729, -- N.E.3d --, ¶ 42. Appellant argues that the trial court did not properly weigh the option of rehabilitation under R.C. 2929.11. Pursuant to *Jones,* this Court is unable to review that portion of Appellant's argument.

**{¶25}** However, R.C. 2953.08(G) does permit the review of R.C. 2929.13 and R.C. 2929.14. Pursuant to R.C. 2953.08(G)(2):

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

**{¶26}** Appellant is incorrect that his criminal record does not include violent offenses. The trial court accurately stated the following criminal record at the sentencing hearing: three assault charges, criminal damaging, four domestic violence charges, ten passing bad check charges, attempted theft, fraudulent schemes, fraudulent deception, and felonious assault.

**{¶27}** Appellant's Presentencing Investigation Report reveals that the following offenses resulted in convictions: domestic violence (2017), domestic violence (2016), attempted theft (2010), passing bad checks (2009), passing bad checks (2007), passing bad checks (2007), criminal damaging (2000), and assault (1999). The remaining charges did not result in convictions.

**{¶28}** Obviously, Appellant has been convicted of offenses involving violence. As to the offenses that did not result in a conviction, "[i]t is well established that sentencing courts may consider arrests and even prior allegations that did not result in conviction before imposing sentence." *State v. Patton*, 7th Dist. Mahoning No. 19 MA 0033, 2020-Ohio-937, ¶ 7, citing *State v. Hutton*, 53 Ohio St.3d 36, 43, 559 N.E.2d 432 (1990). "Moreover, '(c)ourts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing.' " *Id.,* citing *State v. Martin*, 7th Dist. Mahoning No. 16 MA 0160, 2018-Ohio-862, ¶ 7-8; *State v. Starkey*, 7th Dist. No. 06 MA 110, 2007-Ohio-6702, ¶ 17.

**{¶29}** The court heavily relied on its belief that Appellant's conduct and criminal record demonstrated a need to protect both the victim and society. The record also demonstrates that the trial court expressly considered the relevant sentencing statutes.

While the sentence represents the maximum possible sentence, it is within the statutory range. As such, Appellant's sentence fourth assignment of error is without merit and is overruled.

## Conclusion

**{¶30}** Appellant argues that the state breached a term of the negotiated plea agreement when it did not stand silent at sentencing. Appellant also argues that his sentence is contrary to law. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**